UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIENGKHAM SINGANONH, | No. 2:18-cv-1824 AC P |
| Plaintiff, | |
| v. | ORDER |
| R. FINE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
////

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint name CO Fine, Susanville Prison, and Wardens Peery and Cagle as defendants. ECF No. 1 at 1. Plaintiff alleges that on December 4, 2017, defendant Fine refused to open plaintiff's door so that he could report to work, and when plaintiff complained, Fine came into the dorm and told plaintiff to get against the wall. Id. at 7. Plaintiff complied, but when he advised Fine that he could not raise both arms up because of a shoulder injury, Fine yanked his injured arm up, causing additional pain and injury. Id. When plaintiff reacted to the pain, Fine then grabbed him by the neck and slammed him on his injured shoulder and proceeded to sit on plaintiff to prevent him from "curling from the pain." Id. at 9. Plaintiff asserts that these actions constituted excessive use of force and negligence, and that the state is liable for the actions of its employee. Id. at 7-13.

At some point after the incident, defendant Peery issued a "no contact" order between plaintiff and Fine, but Fine disregarded that order on February 1, 2018. Id. at 16. On that day, Fine approached plaintiff and asked to see his legal paperwork. Id. Plaintiff gave Fine his paperwork and told Fine he wanted a sergeant or lieutenant present because of the no contact order. Id. Fine got upset and proceeded to search plaintiff's paperwork, which contained a staff complaint and civil complaint against Fine. Id. at 17. Upon seeing the documents, Fine became

angry, started yelling at plaintiff, and then hit plaintiff in the mouth, causing him to fall back about ten feet and hit his head on a metal mailbox, knocking him unconscious. Id. Plaintiff alleges that these actions were retaliatory and constitute excessive force, assault, and battery. Id. at 16-24.

IV. Claims for Which a Response Will Be Required

   A. Eighth Amendment

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer, 511 U.S. at 832 (internal quotation marks and citation omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

Furthermore, "[i]n its prohibition of 'cruel and unusual punishments,' the Eighth Amendment [also] places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer, 511 U.S. at 832 (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)).

Plaintiff's allegations against defendant Fine for excessive use of force in violation of the Eighth Amendment are sufficient to state claims for relief and will require a response.

4

B. First Amendment

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2004) (footnote and citations omitted).

Plaintiff's allegation that Fine assaulted him because he filed a staff complaint and civil complaint against Fine is sufficient to state a claim for retaliation to which Fine will be required to respond.

V. Failure to State a Claim

A. State Law Claims

Under California law, the timely presentation of a claim under the Government Claims Act is a condition precedent and therefore is an element of the cause of action that must be pled in the complaint. State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240, 1237 (2004). A plaintiff seeking to bring a lawsuit for money or damages against the state[1] for injury must first submit a claim to the California Victim Compensation and Government Claims Board ("Claims Board") within six months after accrual of the cause of action. Cal. Gov't Code §§ 905.2; 911.2. A claim against a public employee[2] or former public employee is not required to be presented prior to filing an action against the employee if the alleged injury resulted from an act or omission in the scope of the defendant's employment as a public employee. Cal. Gov't Code § 950. However, a cause of action against the employee cannot be maintained if an action for the injury would be

---

[1] "State" is defined as "the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 900.6.

[2] A "public employee" is an employee of a "public entity," which includes the State. Cal. Gov't Code §§ 811.2, 811.4.

barred against the employing public entity for failure to comply with the notice of claim requirements. Cal. Gov't Code § 950.2. In other words, a plaintiff must submit a timely notice of claim to the Claims Board before he can bring suit against a state employee.

Plaintiff has not alleged compliance with the Government Claims Act and his claims for negligence, battery, and assault therefore fail to state a claim upon which relief may be granted.

B. Supervisory Liability

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Additionally, "[t]here is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

Plaintiff has not alleged any facts regarding defendants Cagle and Peery other than that they are wardens and that Peery issued a no contact order between himself and Fine. ECF No. 1. It appears that these defendants may have been named solely because of their positions of authority, which is an insufficient ground to state a claim.

////

C. Susanville Prison

Plaintiff asserts that he is seeking relief against the State and the Susanville Prison based on their liability for defendant Fine's conduct under Monell v. Department of Social Services, 436 U.S. 658 (1978). ECF No. 1 at 12-13, 24. However, Monell addressed the liability of municipalities, and neither the State nor the prison, which is a state agency, are persons under § 1983. Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); Howlett v. Rose, 496 U.S. 356, 365 (1990) ("Will establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court."). Plaintiff's claims for relief against the prison and State therefore fail to state viable claims for relief.

VI. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state any state law tort claims against defendant Fine, or any cognizable claims against defendants Susanville Prison, Cagle, and Peery. However, it appears that plaintiff may be able to allege facts to remedy some of these deficiencies, and he will be given the opportunity to amend the complaint if he so desires.

Plaintiff may proceed forthwith to serve defendant Fine on his First and Eighth Amendment claims, or he may delay serving any defendant and amend the complaint to attempt to state cognizable claims against defendants Cagle and Peery, and fix the defects with his state tort claims against defendant Fine. Plaintiff is advised that if he re-alleges any claim against Susanville Prison, the undersigned will recommend its dismissal for the reasons explained above.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claims against defendant Fine without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without

////

7

prejudice of the state tort claims against defendant Fine and all claims against defendants Susanville Prison, Cagle, and Peery.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII. Motion for Temporary Restraining Order

Plaintiff seeks a temporary restraining order against defendant Fine, prohibiting Fine from taking any retaliatory action against him. ECF No. 5. The motion will be denied.

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The

standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Federal Rule 65(b)(1) permits issuance of a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff has not provided the certification required by this rule. Accordingly, the request for a temporary injunction is defective and will be denied.

The motion will also be denied as moot. The California Department of Corrections and Rehabilitation's inmate locator shows that plaintiff has been transferred from the prison in Susanville to Pleasant Valley State Prison in Coalinga. An inmate's transfer from a prison facility generally moots claims for injunctive relief against officials of that facility. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) ("[W]hen a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility" (citing Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995))); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (claims for injunctive relief related to conditions of confinement were moot where prisoner was transferred to another facility and "demonstrated no reasonable expectation of returning to [the original facility]." (citing Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986))). Therefore, to the extent plaintiff seeks an injunction against Fine, who works at the prison in Susanville, his claims for relief are moot in light of his transfer to Pleasant Valley State Prison and an absence of evidence that he will be subject to those conditions again.

VIII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately. Your motion for temporary restraining order is denied because you

9

have not met followed the proper steps are no longer at the same prison where defendant Fine works.

Some of the allegations in the complaint state claims against the defendants and some do not. Defendant Fine will be required to respond to the excessive force and retaliation claims.

Your state tort claims against defendant Fine do not state a claim because you have not shown that you filed a claim with the Claims Board. Your claims against defendants Susanville Prison, Cagle, and Peery do not state claims for relief because you have not made any claims against them. The prison cannot be sued, and Cagle and Peery cannot be sued just because they were wardens. You must explain how they were involved in violating your rights.

You have a choice to make. You can either (1) proceed immediately on your claims against defendant Fine and voluntarily dismiss the other claims, or (2) try to amend your complaint to fix the problems with any other claims. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your claims against defendants Susanville Prison, Cagle, and Peery. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for service of the defendant).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

////

3. The Clerk of the Court is directed to update plaintiff's address of record to Pleasant Valley State Prison, P.O. Box 8500, Coalinga, CA 93210.

4. Plaintiff's motion for temporary restraining order (ECF No. 5) is denied as defective and moot.

5. Plaintiff's state tort claims against defendant Fine and all of his claims against defendants Susanville Prison, Cagle, and Peery do not state claims for which relief can be granted.

6. Plaintiff has the option to proceed immediately on his First and Eighth Amendment claims against defendant Fine as set forth in Section IV above, or to amend the complaint.

7. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the state tort claims against defendant Fine and all of the claims against Susanville Prison, Cagle, and Peery.

DATED: March 28, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| TIENGKHAM SINGANONH, | No. 2:18-cv-1824 AC P |
|---|---|
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE ON HOW TO PROCEED |
| R. FINE, et al., | |
| Defendants. | |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his First and Eighth Amendment claims against defendant Fine without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his state tort claims against defendant fine and all claims against defendants Susanville Prison, Cagle, and Peery.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                               Tiengkham Singanonh
Plaintiff pro se

1