1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TIENGKHAM SINGANONH,                        No.  2:18-cv-1824 AC P

12                   Plaintiff,

13         v.                                     ORDER

14    R. FINE, et al.,

15                   Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested

18    appointment of counsel.

19         The United States Supreme Court has ruled that district courts lack authority to require

20    counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

21    U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

22    voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

23    1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

24         "When determining whether 'exceptional circumstances' exist, a court must consider 'the

25    likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

26    *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965,

27    970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden

28    of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to

                                            1

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff seeks appointment of counsel on the grounds that he is indigent, his ability to litigate is limited by his imprisonment and lack of access to a law library, and an attorney would be better able to apply the law and present evidence at trial. These are circumstances are common to most prisoners and do not establish the exceptional circumstances necessary for appointment of counsel. Furthermore, it is not clear that this case will proceed to trial and at this stage, plaintiff appears capable of articulating his claims without the assistance of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 12) is denied.

DATED: April 30, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE