UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIENGKHAM SINGANONH,<br><br>Plaintiff,<br><br>v.<br><br>R. FINE, et al.,<br><br>Defendants. | No. 2:18-cv-1824 KJM AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 8, 2019, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty-one days. ECF No. 15. Plaintiff has filed objections to the findings and recommendations. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.

The magistrate judge recommended that the state tort claims against defendant Fine be dismissed on the ground that plaintiff failed to allege that he timely presented his claim under the Government Claims Act, as required by California law. ECF No. 15 at 4-5 (citing *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1237, 1240 (2004)). She also recommended that the

1

claims against defendants Peery, Hanson, Lee, Voong, Cagle, Gamberg, Hardwood, Rodriguez, and Stalter be dismissed because plaintiff had failed to allege any personal involvement by these defendants and because his claims based on the denial of grievances and submitting false reports are not cognizable. *Id.* at 5-6. Plaintiff has objected to the dismissal of the state tort claims against defendant Fine on the ground that he exhausted his administrative remedies for monetary damages on March 14, 2019, and is in the process of exhausting his remedies to the claims board. ECF No. 19 at 1-2. He also objects to the dismissal of defendants Peery, Hanson, Lee, Voong, Cagle, Gamberg, Hardwood, Rodriguez and Stalter on the ground that they breached their fiduciary duty and committed a number of state torts. *Id.* at 2-4.

Plaintiff's objections do not warrant a different outcome than the one recommended by the magistrate judge. The exhaustion of plaintiff's prison administrative remedies on March 14, 2019, ECF No. 19 at 17-18, does not satisfy the Government Claims Act, and to the extent plaintiff claims that he has now submitted a claim under the Government Claims Act, he has not shown that he could plead that the submission of his claim was timely. The copy of the claim form attached to the objections shows that plaintiff submitted the claim more than six months after the incident and there is no indication that he sought and was granted leave to submit a late claim. ECF No. 19 at 9; Cal. Gov't Code § 911.2 (claim for personal injury must be submitted within six months of accrual of action); Cal. Gov't Code § 911.4 (allowing claimant to seek leave to present an untimely claim). Furthermore, plaintiff was required to comply with the claim presentation requirements prior to filing suit, Cal. Gov't Code § 945.4, and it appears from his objections that he did not submit his claim until after this lawsuit was filed, ECF No. 19 at 8 (showing trust account attached to application was printed on April 11, 2019).

With respect to plaintiff's claims against defendants Peery, Hanson, Lee, Voong, Cagle, Gamberg, Hardwood, Rodriguez and Stalter, the complaint did not allege any state tort claims against these defendants, and plaintiff's attempt to add such claims through his objections is improper.

Having reviewed the file, and for the reasons set forth above, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed May 8, 2019 (ECF No. 15), are adopted in full;

2. Defendants Peery, Hanson, Lee, Voong, Cagle, Gamberg, Hardwood, Rodriguez and Stalter and the state tort claims against defendant Fine are dismissed without leave to amend; and

3. This case is referred back to the assigned Magistrate Judge for all further pretrial proceedings.

DATED: July 18, 2019.

_____
UNITED STATES DISTRICT JUDGE