UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIENGKHAM SINGANONH, | No. 2:18-cv-1824 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| R. FINE, et al., | |
| Defendants. | |

Plaintiff has requested the appointment of counsel. ECF No. 29. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

By order filed June 19, 2019, this case was referred to the Post-Screening ADR Project and stayed for 120 days. ECF No. 21. The matter was then set for a settlement conference, which is scheduled to take place on October 1, 2019. ECF No. 25. Plaintiff requests counsel on the grounds that he requires assistance in conducting discovery and proceeding at trial. ECF No. 29. However, in staying the case, the court explicitly ordered that the parties were not to engage in formal discovery (ECF No. 21 at 3), and it is unclear at this time whether this case will ultimately proceed to trial. The motion for appointment of counsel will therefore be denied and the court will not consider any further motions, including motions for counsel, until after the stay in this case has been lifted.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 29) is denied.

DATED: July 31, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE