1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TIENGKHAM SINGANONH,                    No.  2:18-cv-1824 KJM AC P

12                  Plaintiff,

13         v.                                ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14   R. FINE, et al.,

15                  Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.

18   The case is before the court on defendants' motion to dismiss, ECF No. 33, and plaintiff's motion

19   to amend the complaint, ECF No. 38.

20   I.    Procedural History

21         This case proceeds on plaintiff's first amended complaint.  ECF No. 14.  On screening,

22   plaintiff's claims against Peery, Hanson, Lee, Voong, Cagle, Gamberg, Hardwood, Rodriguez,

23   and Stalter and the tort claims against Fine were dismissed without leave to amend, while the case

24   proceeded against Fine on the claims of excessive force and retaliation.  ECF Nos. 15, 28.

25   Defendant now moves to dismiss the remaining claims on the ground that they are barred by

26   Heck v. Humphrey, 512 U.S. 477 (1994).  ECF No. 33.  Plaintiff opposes the motion, ECF Nos.

27   34, 36, and seeks to amend the complaint to add a supplemental claim for wrongful

28   imprisonment, ECF No. 38.

                                            1

1    II.    Plaintiff's Allegations

2        Plaintiff alleges that on December 4, 2017, defendant refused to open his cell so that he

3    could report to work, and when he complained, defendant told him to get against the wall. ECF

4    No. 14 at 5. Plaintiff complied, but when he advised defendant that he could not raise his left arm

5    all the way up because of an injury, defendant yanked his injured arm up, causing additional pain

6    and injury. Id. When plaintiff reacted to the pain, defendant then grabbed him by the neck,

7    which caused a scar, and slammed him on his injured shoulder. Id. Defendant then proceeded to

8    use his weight to further injure plaintiff by falling on him, getting back up and falling on him

9    again before sitting on him to prevent him from "curling from the pain." Id.

10        Plaintiff also alleges that on February 1, 2018, defendant breached a "no contact" order

11    when he approached plaintiff and asked to see plaintiff's legal papers. Id. at 7. Plaintiff then

12    asked for a sergeant or lieutenant because of the no contact order. Id. Defendant got upset about

13    the request and searched plaintiff's paperwork, which included a staff complaint and civil

14    complaint against defendant. Id. Upon seeing the documents, defendant became angry, started

15    yelling, and hit plaintiff in the mouth, causing him to fall back and hit his head on a metal

16    mailbox and then the floor, knocking him unconscious. Id.

17    III.    Requests for Judicial Notice

18        As an initial matter, both defendant and plaintiff have requested that this court take

19    judicial notice of various exhibits in support of their positions on the instant motion. ECF Nos.

20    33-2, 34, 35.

21        Facts which are subject to judicial notice are those "not subject to reasonable dispute"

22    because they (1) are "generally known within the trial court's territorial jurisdiction" or (2) "can

23    be accurately and readily determined from sources whose accuracy cannot reasonably be

24    questioned." Fed. R. Evid. 201(b).

25                    When ruling on a Rule 12(b)(6) motion to dismiss, if a district court

26    considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond. A

27    court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the

28

2

1    complaint, or matters of judicial notice—without converting the
2    motion to dismiss into a motion for summary judgment.

3    United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003) (internal citations omitted).

4    Defendant requests that the court take judicial notice of plaintiff's rules violation reports

5    (RVRs) related to the two incidents in the complaint and a determinate sentence worksheet on the

6    ground that they are public records of a state agency the accuracy of which are not reasonably

7    disputed.  ECF No. 33-2.  However, the court notes that the declaration of the custodian of record,

8    ECF No. 33-2 at 42, which would typically serve to authenticate the documents, Fed. R. Evid.

9    902(4), is attached to Exhibit C only and does not specify which documents it is intended to

10   authenticate.  Regardless, while plaintiff challenges the truth of the contents of the RVRs, he does

11   not dispute the authenticity of any of the documents and the request for judicial notice will be

12   granted to the extent the court takes notice of the existence of the documents and their contents.

13   Plaintiff requests judicial notice of various medical records and a document showing the

14   restoration of his time credits.  ECF No. 34 at 4; ECF No. 35.  The court declines to take judicial

15   notice of plaintiff's medical records because they are not properly authenticated and the medical

16   records are irrelevant to the resolution of the motion to dismiss.  However, while the document

17   showing the restoration of plaintiff's credits is also unauthenticated, defendant does not challenge

18   its authenticity and has conceded that plaintiff's credits were restored with relation to the

19   February 1, 2018 RVR.  The court will therefore take notice of the fact that plaintiff's good-time

20   credits were restored as to that disciplinary conviction arising out of the February 1, 2018

21   incident.

22   IV.    Motion to Dismiss

23       A.  Legal Standards for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

24   "The purpose of a motion to dismiss under rule 12(b)(6) is to test the legal sufficiency of

25   the complaint."  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983) (citation

26   omitted).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

27   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

28   F.2d 696, 699 (9th Cir. 1988) (citation omitted).

3

In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  It is insufficient for the pleading to contain "'a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Id. (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).  Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted), as well as construe those allegations in the light most favorable to the plaintiff and resolve all doubts in the plaintiffs' favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).  The court need not accept as true, legal conclusions "cast in the form of factual allegations."  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) (citations omitted).  Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (citations omitted).  "Pro se complaints are construed 'liberally' and may only be dismissed 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).

B.  Parties' Positions

Defendant moves to dismiss the first amended complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), on the ground that plaintiff's claims are Heck barred.  ECF No. 33-1 at 1-2.  He argues that because plaintiff has a determinate sentence and both incidents led to disciplinary convictions that have not been overturned and

1   included the loss of good-time credits, plaintiff cannot pursue his claims because success would

2   invalidate the disciplinary convictions and loss of credits.  Id. at 7.

3        In his opposition, plaintiff argues that the motion should be denied because a disciplinary

4   offense is not an "in-court conviction," the disciplinary convictions are distinct from the

5   excessive force claims, and the time credits he lost for his disciplinary conviction related to the

6   February 1, 2018 incident were restored.  ECF No. 34 at 2-3; ECF No. 36 at 1-2, 5.  Defendant's

7   reply concedes that plaintiff's claims related to the February 1, 2018 incident are not Heck barred

8   because plaintiff's credits were restored.  ECF No. 37 at 1.  However, he maintains that plaintiff's

9   claim for excessive force arising from the December 4, 2017 incident remains barred under Heck.

10   Id. at 1-3.  Accordingly, the only issue before the court is whether plaintiff's excessive force

11   claim stemming from the December 4, 2017 incident is Heck barred.

12        C.  Heck Bar

13        "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a

14   judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

15   sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been

16   invalidated."  Edwards v. Balisok, 520 U.S. 641, 643 (1997) (quoting Heck, 512 U.S. at 487).

17   The so-called "Heck bar" also applies to prison disciplinary decision that resulted in the

18   deprivation of good-time credits.  Id. at 647-48.

19        "[C]hallenges to disciplinary proceedings are barred by Heck only if the § 1983 action

20   would be 'seeking a judgment at odds with [the prisoner's] conviction or with the State's

21   calculation of time to be served.'"  Nettles v. Grounds, 830 F.3d 922, 928-29 (9th Cir. 2016)

22   (second alteration in original) (quoting Muhammad v. Close, 540 U.S .749, 754-55 (2004)).  "But

23   if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate

24   the invalidity of any outstanding criminal judgment against the plaintiff, the action should be

25   allowed to proceed."  Heck, 512 U.S. at 487 (emphasis in original).  "In evaluating whether

26   claims are barred by Heck, an important touchstone is whether a § 1983 plaintiff could prevail

27   only by negating 'an element of the offense of which he has been convicted.'"  Cunningham v.

28   Gates, 312 F.3d 1148, 1153-54 (9th Cir. 2002) (quoting Heck, 512 U.S. at 487 n.6).

1       D. <u>Discussion</u>

2       Defendant contends that plaintiff's excessive force claim based on the December 4, 2017

3 incident is not cognizable under § 1983 because plaintiff has a determinate sentence and the

4 incident resulted in a disciplinary conviction, the penalty for which included the loss of good-time

5 credits.  ECF No. 33-1 at 7.  He argues that if plaintiff were to prevail on the merits of his claim,

6 that would contradict the findings at his disciplinary hearing and necessarily imply that his

7 disciplinary conviction and accompanying credit loss was invalid.  <u>Id.</u> at 7.  As a result, plaintiff

8 cannot pursue his claim based on the December 4, 2017 incident until he has had his conviction

9 reversed and his credits restored.  <u>Id.</u>

10       In support of his position, defendant has provided a copy of the RVR associated with the

11 December 4, 2017 incident.  ECF No. 33-2 at 5-18.  The record shows that plaintiff was found

12 guilty of assaulting a peace officer by means not likely to cause great bodily injury, <u>id.</u> at 9, 13,

13 and defendant contends that plaintiff's claims that he complied with all orders and did not assault

14 defendant directly contradict the factual findings made at the RVR hearing and would therefore

15 invalidate the conviction for assaulting defendant.  ECF No. 33-1 at 7.

16       As an initial matter, the court finds that the record of the RVR provided by defendant is

17 insufficient to meet defendant's burden of showing that plaintiff's claim is <u>Heck</u> barred.

18 <u>Washington v. Los Angeles Cty. Sheriff's Dep't.</u>, 833 F.3d 1048, 1056 & n.5 (9th Cir. 2016)

19 (compliance with <u>Heck</u> is not a pleading requirement and "the defendant in a § 1983 action must

20 show that the plaintiff's success in the action would necessarily imply the invalidity of a criminal

21 conviction" (citations omitted)).  While the court takes judicial notice of the fact that plaintiff was

22 issued an RVR that resulted in the loss of good-time credits, there is nothing in the documentation

23 provided by defendant that indicates that those credits were never restored.  Plaintiff's evidence

24 that his credits were restored with regard to the February 1, 2018 incident further calls the

25 completeness of the records into question because it shows that plaintiff's credits were restored

26 approximately six months before defendant filed his motion to dismiss and, assuming the

27 custodian of records' declaration applies to all documents proffered by defendant, over two

28 months prior to defendant obtaining the RVR records.

However, even if plaintiff's credits have not been restored, in the instant case, it is not necessary to credit plaintiff's claims that he was fully compliant with commands and did not assault defendant in order to find that defendant used excessive force. The disciplinary hearing results indicate that plaintiff was charged with and convicted of assault on a peace officer by means not likely to cause great bodily injury under title 15, section 3005(d)(1) of the California Code of Regulations, ECF No. 33-2 at 9, 13, and § 3005(d)(1) provides that "[i]nmates shall not willfully commit or assist another person in the commission of an assault or battery to any person or persons, nor attempt or threaten the use of force or violence upon another person." Accordingly, assault of a peace officer and a claim of excessive force are not mutually exclusive because a finding that defendant responded to the assault with excessive force would not negate any of the elements of assault.  See, e.g., Hackworth v. Torres, No. 1:06-cv-0773 RC, 2013 WL 3815882, at *4-5, 2013 U.S. Dist. LEXIS 102266, at *11-16 (E.D. Cal July 22, 2013) (holding that disciplinary conviction for attempted battery did not preclude claim that defendant responded with excessive force even though plaintiff denied the attempted battery); Shelton v. Chorley, No. 1:07-cv-0560-MHM, 2011 WL 1253655, at *4, 2011 U.S. Dist. LEXIS 35053, at *12 (E.D. Cal. Mar. 31, 2011) (holding that attempted battery and excessive force were not mutually exclusive because it was "possible that Plaintiff attempted to batter Defendant *and* that Defendant used excessive force in subduing Plaintiff" (emphasis in original) (citations omitted)); Puckett v. Agboli, No. 2:14-cv-2776 JAM DMC P, 2019 WL 426146, at *5, 2019 U.S. Dist. LEXIS 17667, at *15-16 (E.D. Cal. Feb. 4, 2019) (finding that defendants used excessive force "would not necessarily mean plaintiff did not also commit a willful battery on defendants . . . because the two are not mutually exclusive"); Hackworth v. Rangel, 482 F. App'x 299 (9th Cir. 2012) (vacating district court's grant of summary judgment because success on excessive force claim would not necessarily invalidate disciplinary conviction).

The court notes that although defendant cites a number of cases in support of this position, ECF No. 33-1 at 6, several of the cases he cites are distinguishable from this case because an element of the plaintiffs' underlying offenses in those cases was that the defendants had been engaged in the lawful performance of their duties and therefore did not use excessive force, see

1  Beets v. County of Los Angeles, 669 F.3d 1038, 1041 (9th Cir. 2012); Ortega v. Mattocks, No.

2  13-cv-6016 JSC, 2014 WL 7275372, at *3, 2014 U.S. Dist. LEXIS 176396, at *8 (E.D. Cal. Dec.

3  22, 2014); Muhammad v. Garrett, 66 F. Supp. 3d 1287, 1291 (E.D. Cal. 2014).  The remaining

4  cases defendant relies on, which found excessive force claims barred by disciplinary convictions

5  for resisting a peace officer resulting in the use of force,[1] battery,[2] and attempted battery,[3] are not

6  binding, and the court does not find them persuasive in light of the contrary holdings in the cases

7  cited above and the specific facts in this case, namely the alleged degree of force used by

8  defendant and the fact that plaintiff was convicted of assault on a peace officer by means not

9  likely to cause great bodily injury.

10       Because success on plaintiff's excessive force claim arising from the December 4, 2017

11  incident would not necessarily invalidate his disciplinary conviction, the claim is not barred under

12  Heck.

13       V.       Plaintiff's Motion to Supplement the Complaint

14       Plaintiff moves to amend the complaint to add a supplemental claim for false

15  imprisonment.  ECF No. 38.  Under Rule 15(d) of the Federal Rules of Civil Procedure, "the

16  court may, on just terms, permit a party to serve a supplemental pleading setting out any

17  transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

18  Fed. R. Civ. P. 15(d).

19       Plaintiff is proceeding on First and Eighth Amendment claims based on defendant's

20  alleged use of excessive force and retaliation.  ECF No. 15.  His proposed supplemental claim is

21  for wrongful imprisonment, on the theory that defendant filed false reports based on the incidents

22  at issue in this case which increased the length of plaintiff's sentence.  ECF No. 38 at 1-2.  He

23

---

24  [1]  Puckett v. Zamora, No. 1:12-cv-0948 DLB P, 2015 WL 757330, at *3, 2015 U.S. Dist. LEXIS
     21478, at *7 (E.D. Cal. Feb. 23, 2015).
25  [2]  Johnson v. Gonzalez, No. 1:09-cv-1264 AWI BAM P, 2014 WL 3940088, at *5, 2014 U.S.
     Dist. LEXIS 111644, at *9 (E.D. Cal. Aug. 12, 2014); Jordan v. Bliton, No 2:17-cv-1478 JAM
26  DB P, 2018 WL 5262601, at *2, 2018 U.S. Dist. LEXIS 180149, at *5-6 (E.D. Cal. Oct. 19,
     2018).
27  [3]  Sharp v. Morrison, No. 1:07-cv-0458 PHX SMM, 2010 WL 2838635, at *4, 2010 U.S. Dist.
28  LEXIS 72649, at *14 (E.D. Cal. July 20, 2010)

1    alleges that but for the loss of good-time credits, he should have been released on either May 11,

2    2019, or August 11, 2019.  Id. at 1.  However, the documents attached to the motion to

3    supplement, as well as the previously submitted release date change notice showing the

4    restoration of credits from the February 1, 2018 incident, show that plaintiff's alleged false

5    imprisonment is not related to the claims currently before the court.

6         The release date change notice plaintiff submitted with his opposition to the motion to

7    dismiss shows that with the restoration of credits for the February 1, 2018 disciplinary charge, he

8    was scheduled to be released on June 9, 2020.  ECF No. 34 at 4.  The documents attached to the

9    motion to supplement further show that the release dates plaintiff puts forth are based, not on the

10   loss of credits due to the disciplinary convictions stemming from the incidents in this case, but on

11   his contention that he should have been earning early release credits at a rate of 50% rather than

12   the 33.3% rate that was actually being used.  ECF No. 38 at 8-14.  Since there is no indication

13   that defendant was responsible for calculating plaintiff's release date, and the alleged violation

14   does not arise out of the same events at issue in this case, joinder of the claim or any additional

15   defendants would not be proper.  See Fed. R. Civ. P. 18(a) (plaintiff may bring "as many claims

16   as it has against an opposing party"); Fed. R. Civ. P. 20(a)(2) (plaintiff may only join defendants

17   where claims against them arise "out of the same transaction, occurrence, or series of transactions

18   or occurrences").

19        Additionally, the proposed supplemental claim challenges the legality and duration of

20   plaintiff's confinement, which is within the "core of habeas" and is therefore cognizable only in

21   federal habeas corpus.  Nettles, 830 F.3d at 927 (citation omitted).  Plaintiff has not demonstrated

22   that the credit calculation leading to the later release date has been invalidated or overturned,[4]

23   which means the proposed supplemental claim is further barred by Heck.

24   ////

25   ////

26

27   _____

    [4]  The court notes that plaintiff claims that he has an attorney and is challenging the extended
28   confinement in Fresno County Superior Court Case No. 19 CRWR 685188.  ECF No. 38 at 2.
    The docket in that case indicates that the petition for writ of habeas corpus was denied.

Because the proposed supplemental claim is not properly joined and is not cognizable, the undersigned recommends denying the motion to amend the complaint to add a supplemental claim.

In accordance with the above, IT IS HEREBY ORDERED that:

1.   Defendant's request for judicial notice, ECF No. 33-2, is granted to the extent the court takes notice of the existence of plaintiff's two rules violation reports and determinate sentence worksheet and their contents.

2.   Plaintiff's request that the court take judicial notice of the restoration of his good-time credits in relation to the February 1, 2018 disciplinary violation, ECF No. 34 at 3-4, is granted.

3.   Plaintiff's request that the court take judicial notice of his medical records, ECF No. 35, is denied.

IT IS FURTHER RECOMMENDED that:

1.   Defendant's motion to dismiss, ECF No. 33, be denied.

2.   Plaintiff's motion to amend the complaint to add a supplemental claim, ECF No. 38, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 6, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

10