UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIENGKHAM SINGANONH,  Plaintiff,  v.  R. FINE, et al.,  Defendants. | No. 2:18-cv-1824 KJM AC P  ORDER |

Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the court is defendant's motion to compel. ECF No. 52.

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The purpose of discovery is to "make a trial less a game of blind man's bluff and

1

1  more a fair contest with the basic issues and facts disclosed to the fullest practicable extent,"
2  United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to
3  narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501
4  (1947).
5      Under Federal Rule of Civil Procedure 37, a motion to compel may be made if "a party
6  fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or
7  fails to respond that inspection will be permitted . . . as requested under Rule 34." Fed. R. Civ. P.
8  37(a)(3)(B)(iii)-(iv). The party seeking to compel discovery has the burden of showing that the
9  discovery sought is relevant or that its denial will cause substantial prejudice. Aros v. Fansler,
10 548 F. App'x 500, 501 (9th Cir. 2013) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir.
11 2002)). The opposing party is "required to carry a heavy burden of showing why discovery was
12 denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).
13     On June 28, 2021, defendant filed a motion to compel responses to his interrogatories and
14 requests for production. ECF No. 52. Defendant asserts that the discovery requests were served
15 on plaintiff by mail on May 3, 2021, and responses were due forty-five days later—on June 21,
16 2021—but that plaintiff failed to provide any responses. ECF No. 52-1 at 2.
17     After plaintiff failed to respond to the motion to compel, he was given an additional
18 twenty-one days to file a response and cautioned that failure to respond would be construed as
19 consent to the court granting the motion. ECF No. 53. Twenty-one days have now passed and
20 plaintiff has not filed a response.
21     Review of the interrogatories and requests for production shows that they appear to be
22 relevant within the meaning of Rule 26(b)(1). See ECF No. 52-2 at 4-8 (interrogatories), 12-15
23 (requests for production). The motion to compel will therefore be granted and plaintiff will be
24 required to respond to defendant's interrogatories and request for production without objection.
25 Plaintiff is cautioned that failure to comply with this order and provide complete responses to
26 defendant's discovery requests will result in sanctions that may range from exclusion of evidence
27 all the way up to dismissal of the case, depending upon the degree of non-compliance.
28 ////

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel, ECF No. 52, is GRANTED.

2. Within fourteen days of the service of this order, plaintiff must fully respond to defendant's interrogatories and requests for production without objection.

3. Defendant may file a motion for sanctions within thirty days of the service of this order if plaintiff fails to comply with this order.

DATED: August 31, 2021

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE