UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIENGKHAM SINGANONH,<br><br>             Plaintiff,<br><br>     v.<br><br>R. FINE, et al.,<br><br>             Defendants. | No.  2:18-cv-1824 KJM AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court is defendant's motion for monetary and/or terminating sanctions.  ECF No. 57.  Plaintiff has not responded.

I.     Procedural History

On June 28, 2021, defendant filed a motion to compel alleging that plaintiff had completely failed to respond to interrogatories and requests for production.  ECF No. 52.  Plaintiff failed to respond to the motion despite the court extending his time to do so and advising him that failure to respond would be construed as consent to granting the motion, and the motion to compel was granted.  ECF No. 54.  Plaintiff was ordered to respond to the interrogatories and requests for production without objection, and was warned that failure to comply would result in sanctions that could range all the way up to dismissal of the case.  Id. at 2-3.  Defendant has now moved for monetary or terminating sanctions on the ground that plaintiff has not provided the

1

1  responses as ordered. ECF No. 57. After plaintiff failed to respond to the motion, he was given
2  additional time to respond and warned that failure to do so would result in a recommendation that
3  this action be dismissed for failure to prosecute. ECF No. 58. The time to respond has now
4  passed and plaintiff has failed to file a response to the motion for sanctions or otherwise
5  communicate with the court.

6      II.      Motion for Terminating Sanctions

7      Defendant moves for terminating sanctions on the ground that plaintiff has completely
8  failed to comply with the court's order to provide responses to his interrogatories and requests for
9  production. ECF No. 57.

10      The Local Rules of the Eastern District provide wide latitude to the court with regard to
11  sanctions—under Local Rule 110, the failure of a party to comply with any local rule or order of
12  the court may result in the imposition of "any and all sanctions authorized by statute or Rule or
13  within the inherent power of the Court." Moreover, the Federal Rules of Civil Procedure
14  specifically contemplate dismissal as a sanction for failing to comply with an order compelling
15  discovery. Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits a court to "dismiss[] the
16  action or proceeding in whole or in part" if a party fails to comply with a discovery order.
17  Similarly, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to
18  comply with these rules or a court order, a defendant may move to dismiss the action or any claim
19  against it."

20      It is within the discretion of a district court to order dismissal sanctions. Olivia v.
21  Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (citing Hamilton Copper & Steel Corp. v. Primary
22  Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990)). However, because "dismissal is a harsh penalty
23  . . . it should only be imposed in *extreme circumstances*." Hernandez v. City of El Monte, 138
24  F.3d 393, 399 (9th Cir. 1998) (emphasis in the original) (quoting Ferdik v. Bonzelet, 963 F.2d
25  1258, 1260 (9th Cir. 1992)); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d
26  1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions"
27  (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003))). The court must consider
28  five factors "before resorting to the penalty of dismissal: '(1) the public's interest in expeditious

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life Ins., 482 F.3d at 1096 (citation omitted).

Not all factors must cut in favor of dismissal for the sanction to be imposed. Malone v. U.S. Postal Serv., 833 F.2d 128, 133 n.2 (9th Cir. 1987); see also Ferdik, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here." (citation omitted)).

### A. Public Interest in the Expeditious Resolution of Cases

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  In this case, plaintiff has completely failed to fulfill his discovery obligations or comply with this court's discovery order, and he has not provided the court or defendant's counsel with any explanation for his non-compliance.  His refusal to comply with discovery obligations, despite a court order to do so, has delayed the expeditious resolution of this case.  The public interest in efficient resolution of cases has thus been thwarted by plaintiff's refusal to participate in the discovery process.

### B. The Court's Need to Manage Its Docket

Plaintiff's continued failure to cooperate in discovery and follow the court's instructions has already consumed a considerable amount of limited judicial time and resources.  The Eastern District of California has one of the heaviest caseloads in the country, and plaintiff's continued refusal to participate in the discovery process has already resulted in defendants' motion to compel, which demanded this court's attention, time, and resources, and the instant motion for sanctions.  Considerations of judicial economy weigh in favor of terminating sanctions. Ferdik, 963 F.2d at 1261 (finding that it was necessary "to preserve the district courts' power to manage

3

their dockets without being subject to the endless vexatious noncompliance of litigants").

### C. Risk of Prejudice to the Defendant

"While [the mere pendency of a lawsuit] may be prejudicial, it cannot, by itself, be considered prejudicial enough to warrant dismissal." Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984)). Rather, "[i]n determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Malone, 833 F.3d at 131 (citation omitted). The risk of prejudice is considered in relation to plaintiff's reason for defaulting. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 991).

Plaintiff has, after first failing to respond to defendant's discovery requests, failed to comply with the order to provide responses. Defendant is entitled to have his discovery requests answered and plaintiff's failure to provide any responses is decidedly prejudicial to defendant. Accordingly, there appears to be no justifiable reason for plaintiff's default and this factor also favors dismissal.

### D. Public Policy Favoring Merits Resolution

The general policy favoring disposition of cases on their merits always weighs against terminating sanctions. Yourish, 191 F.3d at 992 (citation and internal quotation marks omitted). However, this policy alone is not sufficient to outweigh the other factors discussed herein. Leon v. IDX Sys. Corp., 464 F.3d 951, 960-61 (9th Cir. 2006) (citation omitted).

### E. Availability and Effectiveness of Lesser Sanctions

The court finds that no other, lesser sanctions that would be satisfactory or effective. Plaintiff is proceeding in forma pauperis, making it unlikely that monetary sanctions will induce him to cooperate or prosecute his case. Nor does it appear that evidentiary sanctions would be an effective alternative; because plaintiff completely failed to respond to the discovery requests, exclusionary sanctions would likely have the same effect as dispositive sanctions. Finally, plaintiff was warned that failure to provide discovery responses and failure to respond to the motion for sanctions could result in dismissal of this action, ECF No. 54 at 2, ECF No. 58, and the "court's warning to a party that his failure to obey the court's order will result in dismissal can

satisfy the 'consideration of alternatives' requirement," Ferdik, 963 F.2d at 1262 (citing Malone, 833 at 132-33; Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)).

Despite being given an extension of time to respond to defendant's motion for sanctions, plaintiff failed to do so. Plaintiff's lack of response to both the motion to compel and the motion for sanctions, along with his failure to respond to defendant's discovery requests in the first place, demonstrate a willful disregard for this court's orders and the court finds that lesser sanctions would be ineffective and insufficient to address this behavior.

For these reasons, the undersigned finds that terminating sanctions are justified and will recommend dismissal of this case.

### III.  Motion for Attorney's Fees and Costs

When a party fails to obey a discovery order, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). In light of the fact that defendant's motion for terminating sanctions is being granted, the court finds that monetary sanctions would be unjust.

### CONCLUSION

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for monetary sanctions, ECF No. 57, be denied.

2. Defendant's motion for terminating sanctions, ECF No. 57, be granted.

3. This action be dismissed, with prejudice, for failure to comply with a court order. See Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 41(b); L.R. 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 29, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE