UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIENGKHAM SINGANONH,<br><br>Plaintiff,<br><br>v.<br><br>R. FINE, et al.,<br><br>Defendants. | No. 2:18-cv-1824 KJM AC P<br><br><br><br>ORDER |

Plaintiff, a former state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 30, 2021, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 59. Plaintiff has filed an untimely[1] response to the findings and recommendations, which the court construes as objections. ECF No. 60. Although the objections were untimely, the court has considered them in the interest of fairness and efficiency.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the

---

[1] Because plaintiff is no longer incarcerated, he is no longer entitled to the benefit of the prison mailbox rule.

1

findings and recommendations to be supported by the record and by the proper analysis.  The court writes separately to address the objections.

Plaintiff explains in his objections that his failure to respond to court orders and discovery requests were due to a misunderstanding about his and his attorney's duties and his own difficult personal circumstances.  He also offers a partial response to some of the defendant's discovery requests.

Plaintiff is not represented by an attorney in this action, so it is unclear how his failure to respond to court orders and discovery requests could be attributable to miscommunications with an attorney.  Plaintiff's difficult personal circumstances and his pro se status are also a reason for lenience, but the Magistrate Judge has extended deadlines and offered warnings, including that the case could be dismissed.  Finally, plaintiff's partial, belated response to the disputed discovery requests does not comply with the Magistrate Judge's order and does not respond to the defendant's interrogatories and requests for production.  *See* Mot. Compel Ex. A, ECF No. 52-2.  In these circumstances, although dismissal is a harsh sanction, it is the appropriate sanction, as the Magistrate Judge explained in her Findings and Recommendations.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed November 30, 2021, ECF No. 59, are adopted in full;

2. Defendant's motion for monetary sanctions, ECF No. 57, is denied;

3. Defendant's motion for terminating sanction, ECF No. 57, is granted;

4. This action is dismissed with prejudice for failure to comply with a court order; and

5. The Clerk of the Court is directed to close this case.

DATED: February 23, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE